IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY
NOV 16 2017
RICK WARREN
COURT CLERK
36_____

| | |
|---|---|
| CARRIE LATIF, | |
| Plaintiff, | |
| vs. | Case No. CJ-2017- |
| LEISURE TIME RV, LLC, , | CJ-2017-6583 |
| Defendant. | |

## PETITION

Plaintiff, Carrie Latif, brings this cause of action against Leisure Time RV, LLC ("Leisure Time") and states as follows:

### Nature of Action & Introduction

1. Plaintiff files this action seeking damages from Defendants for its wrongful termination of her employment and wrongful treatment of her during her time of employment, in violation of Title VII of the Civil Rights Act of 1964. Plaintiff's stated claims are (1) hostile work environment based on sex; and (2) retaliation based on complaints of sexual harassment.

### Jurisdiction and Venue

2. All of the claims herein arose in Oklahoma County, Oklahoma.

3. Defendant conducts business in Oklahoma County, Oklahoma.

### Facts

4. Defendant hired Plaintiff as a service advisor in February of 2016.

5. At all relevant times in this lawsuit, Plaintiff satisfied all job qualifications to be employed as a service advisor with Defendant.

1

6. At all relevant times in this lawsuit, Ron Walker was one of Plaintiff's supervisors. In addition, Ron Walker was one of the owners of Defendant.

7. Plaintiff was repeatedly and regularly subject to unwelcome sexual advances, requests for sexual favors, and other physical and verbal harassment by Ron Walker. On at least one or more occasions throughout Plaintiff's employment, she was subject to the following behavior: Plaintiff was told by Ron Walker that she was gorgeous and he wanted to take her home. Ron Walker kissed Plaintiff without her permission. Ron Walker invited Plaintiff to sit on his lap. Ron Walker told Plaintiff to not talk to another man because "he is married and I am not." Ron Walker told other employees that he had a "thing" for Plaintiff and a "crush" on her. Without Plaintiff's permission, Ron Walker rubbed Plaintiff's head and hair. Ron Walker grabbed Plaintiff's hand without her permission.

8. In January 2017, Plaintiff complained to Ron Walker about his behavior and requested that he stop sexually harassing her.

9. After Plaintiff's complaint, Defendant treated Plaintiff differently. Defendant changed Plaintiff's commission structure so that she would no longer receive commission for "detail fees." Defendant manipulated Plaintiff's service sheets to limit her commission.

10. On or about April 27, 2017, Plaintiff complained to Defendant that Defendant was intentionally manipulating her commissions to pay

her less in retaliation for her complaints of sexual harassment and refusal to engage in sexual acts with the company owner described above in ¶ 7.

11. On or about May 30, 2017, Plaintiff sent an e-mail to Defendant complaining of sexual harassment and complaining of retaliation for Defendant's intentional manipulation of her timecards to pay her less for refusing to engage in sexual acts with the company owner.

12. Defendant responded to Plaintiff's e-mail by placing her on administrative leave.

13. Plaintiff's employment was terminated effective June 2, 2017, with no reason provided to Plaintiff for the termination.

14. Defendant terminated Plaintiff because of her complaints of sexual harassment.

15. Defendant terminated Plaintiff because she refused to engage in sexual acts or acquiesce in the sexually harassing environment with the Defendant.

16. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on June 6, 2017. Plaintiff received a Notice of Right to Sue dated September 13, 2017. This lawsuit is filed within 90 days of the receipt of the Notice of Right to Sue.

## Relief Requested

17. Defendant must pay Plaintiff all lost earnings, past and future. This amount has not been calculated as of this date. Plaintiff anticipates hiring an economist for proper calculation of this element of damages.

18. Defendant must pay compensatory damages including pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, which amounts to the statutory maximum of $300,000.00.

19. Defendant's actions were willful, wanton, or, at the least, in reckless disregard of Plaintiff's rights; therefore, Plaintiff is entitled to punitive damages.

20. Defendant must pay Plaintiff her attorneys' fees, costs, and all other relief Plaintiff is entitled to because of Defendant's actions. This amount has yet to be fully determined and increases as the case progresses.

## Demand for a Jury Trial

21. The Plaintiff demands a jury trial for all issues of fact presented by this action.

Respectfully submitted,

*/s/ D. Colby Addison*

D. Colby Addison, OBA #32718
LAIRD HAMMONS LAIRD, PLLC
1332 SW 89th Street
Oklahoma City, OK 73159
Telephone: 405.703.4567
Facsimile: 405.703.4067
E-mail:   colby@lhllaw.com
ATTORNEY FOR PLAINTIFF

**ATTORNEY LIEN CLAIMED**